IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY LEE BOGGS, JR.,
# 272260,

    Plaintiff,

vs.                                        Case No. 4:24cv172-WS-MAF

MR. DAVIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff is a detainee in the Leon County Jail. ECF No. 2 at 1. Plaintiff proceeds pro se, and initiated this case on April 15, 2024, by submitting a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Although Plaintiff has demonstrated that he lacks resources to pay the filing fee, the Court recommends that Plaintiff's motion be denied and this case dismissed.

    Plaintiff's complaint was reviewed to determine whether Plaintiff is entitled to proceed with in forma pauperis status, and whether Plaintiff properly disclosed his prior litigation history as required. ECF No. 1.

Plaintiff has not acknowledged all cases filed, nor has he properly informed the Court that he has already had three or more cases dismissed on the grounds that the complaint was frivolous, malicious, or failed to state a claim.

Plaintiff did acknowledge that he had filed three prior cases, all of which were filed in federal court in Georgia. ECF No. 1 at 12. However, Plaintiff did not indicate that any of those three cases were dismissed for reasons that count as a "strike" under 28 U.S.C. § 1915(g).[1] Instead, he said that two cases were dismissed "upon settlement," and that he "lost at trial" in the third case. ECF No. 1 at 13. That is not entirely correct.[2]

Judicial notice is taken that Plaintiff previously filed some 25 cases, some of which were transferred to another district court in Georgia, but all

---

[1] That statute prohibits granting a prisoner in forma pauperis status if, on 3 or more prior occasions, the cases were dismissed because the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] Plaintiff filed a motion for voluntary dismissal in case number 5:12cv472, it was not dismissed "upon settlement." Indeed, in accepting Plaintiff's voluntary dismissal, the Court denied the 6 pending summary judgment motions as moot. See ECF Nos. 54, 56 of that case. Plaintiff's second case did not settle either. The Defendant's motion to dismiss was granted in case number 7:13cv95 and judgment entered against Plaintiff on January 15, 2014. ECF Nos. 29-30 of that case. As for Plaintiff's third acknowledged case - case number 5:12cv465 - judgment was entered in favor of defendants following a bench trial. ECF Nos. 36, 38 of that case.

of those cases except three were filed in the United States District Court for the Middle District of Georgia,[3] Northern District of Georgia,[4] and Southern District of Georgia.[5]  Just three cases including this one have been filed in this Court: case number 3:06cv0467, *Boggs v. Degrief, et al.*, filed on 10/20/2006, dismissed on 12/19/2006; and case number 3:06cv0491, *Boggs v. Keylo, et al.*, filed on 11/03/2006, dismissed on 2/22/2006.[6]

---

[3] Plaintiff filed these cases in the Middle District of Georgia: case number 5:12cv465, BOGGS v. JOHNSON, et al., dismissed on 11/04/2013; case number 5:12cv472, BOGGS v. Medical Department, et al., dismissed on 02/19/2014; case number 5:13cv128, dismissed on 07/18/2013; case number 5:13cv0127, BOGGS v. DAVIS, et al, dismissed on 04/24/2013; case number 5:13cv155, BOGGS v. HOOKS, et al., dismissed on 05/10/2013 (transferred); case number 7:13cv075, BOGGS v. HOOKS, et al., dismissed on 06/06/2013 (transferred); case number 7:2013cv095, BOGGS v. DANIALS, et al., dismissed on 01/15/2014; case number 7:13cv107, BOGGS v. ALLEN, et al., dismissed on 02/20/2014; case number 7:13cv130, BOGGS v. Robertson, et al., dismissed on 11/20/2013; case number 7:13cv149, BOGGS v. McCracken, et al., dismissed on 03/12/2014; case number 7:13cv156, dismissed on 01/22/2014; case number 7:13cv167, BOGGS v. EMMONS, et al., dismissed on 01/03/2014.

[4] Plaintiff's prior cases filed in the Northern District are: case number 1:13cv755, Boggs v. Unnamed Defendant, dismissed on 05/31/2013; case number 1:13cv756, Boggs v. Unnamed Defendant, dismissed on 04/09/2013; case number 1:13cv757, Boggs v. Unnamed Defendant, dismissed on 04/09/2013; case number 1:13cv758, Boggs v. Unnamed Defendant, dismissed on 04/09/2013; case number 1:13cv2851, Boggs v. Owens, et al., dismissed on 10/24/2013; case number 4:14cv073, Boggs v. Hammoc, et al., dismissed on 05/06/2014; case number 4:14cv116, Boggs, et al. v. Willingham, et al., dismissed on 06/19/2014; case number 4:14cv202, Boggs v. Ellis, et al., dismissed on 09/08/2014.

[5] Plaintiff's prior cases filed in the Southern District are: case number 6:13cv055, BOGGS v. HOOKS, et al., dismissed on 07/25/2013; and case number 6:13cv061, BOGGS v. HOOKS, et al., dismissed on 07/25/2013.

[6] Plaintiff voluntarily dismissed both of his prior cases filed in this Court.

Case No. 4:24cv172-WS-MAF

Plaintiff did not properly identify all of the prior cases he filed. It appears he has intentionally omitted listing the vast majority of his cases, and this case could be dismissed for that reason alone as an abuse of the judicial process. However, there is another more compelling reason that dismissal is appropriate.

Plaintiff's complaint acknowledged only that he filed three prior cases in Georgia - case numbers 5:12cv472, 7:13cv95, and 5:12cv465. Review of those cases confirms that while Plaintiff was incarcerated in the State of Georgia, his inmate number was GDC1000672581. By comparing that inmate number, the Court has also confirmed that Plaintiff Harry Lee Boggs, Jr., while incarcerated in Georgia, accumulated at least three "strikes" under § 1915(g). Those cases include:

✶ case # 5:13cv127, dismissed for failure to state a claim

✶ case # 1:13cv2851, dismissed for failure to state a claim

✶ case # 7:13cv107, dismissed as "abused of judicial process" for failing to acknowledge all prior cases filed.

In addition, Plaintiff is well aware that he has "three strikes" under § 1915(g) because he has had prior cases dismissed pursuant to that statute. Case number 4:14cv116-HLM, was dismissed by the Northern

District of Georgia on June 19, 2014, pursuant to 28 U.S.C. § 1915(g).  The same is true for case number 4:14cv202-HLM, case number 7:13cv95-HL, and case number 7:13cv156.[7]

Because Plaintiff is aware that he has "three strikes," even though he did not clearly disclose them to this Court, he has made a conclusory assertion of "imminent danger of serious harm" in an attempt to proceed. *See* ECF No. 1 at 9.  Plaintiff did so because the statute bars granting in forma pauperis status to a prisoner with three "strikes" unless the prisoner alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff's allegations do not, however, show "imminent danger."

---

[7] Although this Court would disagree with the conclusion of the courts in Georgia that some of Plaintiff's cases should be counted as "strikes" because the dismissal was for failure to prosecute, *see, e.g.,* ECF No. 5 of case number 7:13cv167, there are still at least three prior cases which clearly do count as "strikes" under Eleventh Circuit precedent.  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (stating that lying about the existence of prior cases is "strike-worthy" and counts as "abuse of the judicial process").  The Court noted that a dismissal for failure to honestly disclose prior cases "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera, 144 F.3d at 731.  The Eleventh Circuit has approved dismissal as a "strike" for failure to prosecute, but the distinction made by the court was that plaintiff submitted "a frivolous response to a show cause order." *Id.*  In that limited circumstance, the dismissal may be counted as a "strike" for purposes of section 1915(g).  Allen v. Clark, 266 F. App'x 815, 817 (11th Cir. 2008).  Such a strike, however, is appropriately focused on the prisoner's frivolous response and not merely a failure to comply with a court order.

Case No. 4:24cv172-WS-MAF

In this case, Plaintiff's allegations primarily focus on Plaintiff's arrival at the Leon County Detention Center in September 2023. ECF No. 1 at 6. Plaintiff contends he was subjected to harassment because he is "a full blooded jew." *Id.* He alleges he was denied a kosher diet, and then in December 2023, he was denied certain "religious books." *Id.* at 7. He then claims he suffered retaliation for sending a "formal complaint to the Governor" of the State of Florida. *Id.* Plaintiff alleges he was forced into a cell with "black mold" and subjected to harassing comments because he is Jewish. *Id.* Allegedly, an officer told Plaintiff he was "lucky" that he was not beaten as happened to "the last Jewish detainee" housed there. *Id.* Another officer threatened Plaintiff that if he "filed any complaints on" them, they would kill him. *Id.* at 7-8. He contends that he has been unable to sleep well "for over almost two months." *Id.* at 8. Plaintiff said he was in fear for his well being and did not feel safe. *Id.*

"Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (citation omitted). When threats of

imminent danger have ceased prior to the filing of a complaint, and no facts allege that the prisoner is still facing "imminent danger of serious physical injury at the time" a complaint is filed, in forma pauperis status is properly denied. Medberry, 185 F.3d at 1193. Here, Plaintiff does not allege an "ongoing pattern of acts" or continued threats of harm. Barber v. Krepp, 680 F. App'x 819, 821 (11th Cir. 2017) (citing Chavis v. Chappius, 618 F.3d 162, 170-71 (2d Cir. 2010)). Under these circumstances, and because at least three months have passed with no further threats alleged, the Court concludes that Plaintiff has not alleged a sufficient basis to support his claim of "imminent danger." It appears that this is truly a case challenging the denial of religious materials, and only a conclusory allegation of harm was alleged to avoid dismissal under § 1915(g).

It is recommended that this case be summarily dismissed without prejudice and Plaintiff's in forma pauperis motion denied. If Plaintiff has additional allegations that could be made to show "imminent danger," he should be required to initiate a new case in which his complaint fully discloses his prior litigation history and properly acknowledges that he has "three strikes."

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, and this case be **DISMISSED without prejudice** because Plaintiff has not provided sufficient allegations of imminent harm.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 17, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv172-WS-MAF